UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ORLANDO MARTINEZ, on of behalf of himself and all others similarly situated,

                      Plaintiffs,

    -against-

BUDO MAINTENANCE CORP. and NEW HOPE FUND, LLC,

                      Defendants.

----------------------------------------------------------------X

**Docket No.: 19 Civ. 3302 (VSB)**

**AMENDED COMPLAINT**

**DEMAND FOR JURY TRIAL**

**Collective Action and Class Action Complaint**

Plaintiff Orlando Martinez ("Plaintiff"), by and through his attorneys, Joseph & Norinsberg, LLC, alleges on behalf of himself and all others similarly situated, as follows:

## NATURE OF CASE

1.    Plaintiff is bringing this action on behalf of himself and on behalf of similarly situated Plaintiffs for Defendants' systemic and continuous violations of (i) Federal and New York State laws requiring overtime pay for employees; (ii) Federal and New York State laws requiring the payment of wages consistent with the prevailing minimum wage rate for employees; (iii) the requirement that employers furnish employees with an accurate wage notice at the time of hiring, and on an annual basis, containing specific categories of information under the NYLL § 195, codified as the New York Wage Theft Prevention Act (the "NYWTPA"); and (iv) any other cause(s) of action that can be inferred from the facts set forth herein.

2.    Plaintiff was a non-exempt employee who worked at buildings operated by Defendants until on or about December 16, 2018, when he was abruptly let go without cause. Plaintiff was a residential building Superintendent who worked for the Defendants from on or about July 2016 until December 16, 2018.   Although he was employed as a Superintendent, he

was regularly required to perform handyman work as well, including building and bathroom renovations. Throughout the course of his employment, Plaintiff regularly worked in excess of 40 hours each week without regularly receiving accurate pay for the actual hours he worked. Defendants, during the course of his employment, did not pay Plaintiff the required minimum wage, under federal and state law.

3.      Upon information and belief, Defendants operate as an enterprise, owning and managing multiple residential buildings in the Bronx. Plaintiff worked in two of the buildings owned and operated by Defendants, and he has been in contact with many other superintendents, who were likewise employed by the Defendants, and who were similarly denied lawful wages.

4.      The two corporate entities listed herein issued paychecks to the named Plaintiff, which were consistently in violation of state and federal law.

5.      Plaintiff now brings this action on behalf of himself and all other similarly situated, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and specifically the collective action provision of the FLSA, 20 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by Defendants that have deprived the Plaintiff and others similarly situated of their lawful wages.

6.      Plaintiff also brings this action on behalf of himself and a class of similarly situated current and former employees of the Defendants, pursuant to Fed. R. Civ. P. 23, for violations of New York Labor Law ("NYLL") § 195 and 12 N.Y. Comp. Codes R. & Regs. ("NYCRR") § 146-2.2 and 2.3.

## JURISDICTION AND VENUE

7.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201 *et seq.*

8.     The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts, such that they form part of the same case or controversy under Article III of the United States Constitution.

9.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) (2), as all actions comprising the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b) (1), as the Defendants reside within this judicial district.

10.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## DEMAND FOR A JURY TRIAL

11.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

12.     Plaintiff Orlando Martinez ("Plaintiff" or "Martinez") is an individual who, at all times relevant to this Complaint is and has been a resident of the City and State of New York.

13.     Defendants employed the Plaintiff as Superintendent throughout the relevant statutory period.

14.     At all times relevant to this Complaint, Plaintiff was an "employee" of Defendants within the meaning of the FLSA, 29 USC § 203(e), and NYLL § 190(2).

***Budo Mintenance Corp.***

15.     At all times relevant to this action, Defendant Budo Maintenance Corp ("Budo"), was and is, a domestic business corporation, with its principal place of business located at 1261 Merriam Street, Basement, Bronx, New York  10452.

16.     Further, at all times relevant to this action, Defendant Budo was and is engaged in interstate commerce, as defined by the FLSA, and its qualifying annual business exceeds $500,000.00, the combination of which subjects Defendant Budo to the FLSA's overtime and minimum wage requirements.

17.     Many of Plaintiff's paystubs indicate that Budo was one of the corporate entities that issued compensation to the Plaintiff during the relevant time period.

18.     Upon information and belief, Defendant Budo was and is, an associated entity who is the partner, subsidiary, parent company, shell, alter-ego, etc., of each of the other corporate Defendants listed herein.

19.     At all times herein, Plaintiff worked as a Superintendent for properties owned and/or managed by Budo Maintenance Corp.

***The New Hope Fund, LLC***

20.     At all times relevant to this action, Defendant the New Hope Fund, LLC ("New Hope"), was and is, a domestic business corporation, with its principal place of business located at 406 Avenue F, Brooklyn, New York, 11218

21.     Further, at all times relevant to this action, Defendant New Hope was and is engaged in interstate commerce, as defined by the FLSA, and its qualifying annual business exceeds $500,000.00, the combination of which subjects Defendant New Hope to the FLSA's overtime and minimum wage requirements.

22.     Certain of Plaintiff's paystubs indicate that New Hope was one of the corporate entities that issued compensation to the Plaintiff during the relevant time period.

23.     Upon information and belief, Defendant New Hope was and is, an associated entity who is the partner, subsidiary, parent company, shell, alter-ego, etc., of each of the other corporate Defendants listed herein.

24.     At all times herein, Plaintiff worked as a Superintendent for properties owned and/or managed by New Hope.

25.     The above-referenced corporate Defendants are hereinafter referred to collectively as "Defendants."

26.     At all times hereinafter mentioned, Defendants, collectively, exercised control over the terms and conditions of Plaintiff's employment, in that Defendants had the power to: (i) hire and fire employees; (ii) determine rates and methods of pay; (iii) determine work schedules; (iv) supervise work and control of the employees, including the Plaintiff herein; and (v) otherwise affect the quality of the Plaintiff's work conditions and employment. Accordingly, Defendants were the "employer(s)" of Plaintiff within the meaning of the FLSA, 29 USC § 203(d), and NYLL § 190(3).

## COLLECTIVE ACTION ALLEGATIONS

27.     Plaintiff brings his FLSA claims on behalf of himself and all similarly situated Superintendents who were employed by Defendants during the statutory period, and who: (a) worked in excess of 40 hours per week, and were denied overtime wages at the statutory rate of one-and-a-half times the standard pay rate, in violation of the FLSA; and/or (b) did not receive the required minimum wage, in violation of the FLSA (hereinafter, the "FLSA Collective Action").

28.     Defendants are liable under the FLSA for, *inter alia*, failing to pay overtime premiums at one-and-one-half times the regular rate of pay, and failing to pay the minimum wage, as required by law. There are numerous similarly situated present and former employees of

Defendants who have been similarly underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join.

29.     The persons in the FLSA Collective Action identified above, including present and former employees over the relevant period, are unknown, and facts on which the calculation of that number can be based upon are presently within the sole control of Defendants. Upon information and belief there are at least 40 FLSA Collective Action members, and there could be significantly more.

30.     The precise number of FLSA Collective Action members should be readily available from a review of the Defendants' personnel, scheduling, time and payroll records, and from input received from the FLSA Collective Action members as part of the notice and "opt-in" process provided by 29 U.S.C § 216(b).

## NEW YORK CLASS ACTION ALLEGATIONS

31.     Plaintiff sues on his own behalf and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), defined to include: All Superintendents employed by Defendants during the statutory period, who: (a) worked in excess of 40 hours per week, and were denied overtime wages at the statutory rate of one-and-a-half times the standard pay rate, in violation of the NYLL; and/or (b) did not receive the required minimum wage, in violation of the NYLL (hereinafter, the "New York Class").

32.     *Numerosity:* The members of the Rule 23 Class are so numerous that joinder of all members in the case would be impracticable. Plaintiff reasonably estimates there are at least 40 members in the Class who reside and work in New York. The precise number of Class Members should be readily available from a review of Defendants' personnel and payroll records.

33.     *Commonality/Predominance:* There is a well-defined community of interest among the Rule 23 Class Members and common questions of both law and fact predominate in the action over any questions affecting individual members. These common legal and factual questions include, but are not limited to, the following:

a.   Whether Defendants employed and/or jointly employed Plaintiff and other similarly situated persons under New York law;

b.   Whether Defendants failed to pay Plaintiff and Class Members the mandatory rate of one-and-one-half times their regular rate of pay for hours worked in excess of forty per work week;

c.   Whether Defendants failed to pay to pay Plaintiff and Class Members the required minimum wage;

d.   Whether Defendants violated the NYWTPA by failing to establish, maintain and preserve true and accurate payroll records;

e.   Whether Defendants should be required to pay compensatory damages, attorneys' fees, costs, and interest for violating the NYLL; and

f.   Whether Defendants' violations were willful.

34.     *Typicality:* Plaintiff's claims are typical of those of the Rule 23 Class in that Plaintiff and all other members suffered damages as a direct and proximate result of Defendants' common and systemic payroll policies and practices. Plaintiff's claims arise from the same policies, practices, and course of conduct as other Rule 23 Class members' claims and Plaintiff's legal theories are based on the same legal theories as other Rule 23 Class members, as detailed above.

35.     *Adequacy:* Plaintiff will fully and adequately protect the interests of the Rule 23 York Class. Furthermore, Plaintiff has retained counsel who are qualified and experienced in the litigation of wage-and-hour class actions.

36.     *Superiority:* A class action is superior to other available methods for the fair and efficient adjudication of the controversy because, *inter alia*, it is economically unfeasible for

the Rule 23 Class to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

37.     The case will be manageable as a class action because Defendants payroll systems will allow the wage-and-hour and damages issues in the case to be resolved with relative ease. Because the elements of Rule 23(b)(3), or in the alternative (c)(4), are satisfied in the case, class certification is appropriate.

38.     Defendants have acted on grounds generally applicable to the Class, thereby making relief, including declaratory and/or injunctive relief, appropriate for the Class.

## CLASSWIDE FACTUAL ALLEGATIONS

### Failure to Pay Lawful Overtime Compensation and Minimum Wage

39.     Plaintiff brings FLSA and NYLL claims on behalf of himself and all similarly situated persons employed or formerly employed by Defendants during the statutory period.

40.     As a building Superintendent, the job duties of the Plaintiff and those similarly situated ("Class Members") included, *inter alia*: a) collecting and taking out garbage on a daily basis; b) making minor apartment repairs and renovations including painting and roofing; c) fumigating the apartments; d) minor electrical and plumbing work; e) maintaining building boilers; f) checking hallways for cleanliness and maintenance issues; g) minor tiling; h) minor plumbing; i) minor carpentry work; j) cleaning inside and outside the buildings; and k) addressing tenants' concerns.

41.     All the work that Plaintiff and the Class Members performed was assigned by Defendants and/or Defendants were aware of all the work performed by Plaintiff and the Class Members.

42.     At all relevant times, Defendants had the right to control, and did in fact control, the hours, wages, assignments and schedules of the named Plaintiff and all Superintendents, working at the buildings they oversaw.

43.     At all relevant times, Defendants failed to keep complete and/or accurate records of the hours worked by and wages paid to the named Plaintiff and the putative class.

44.     Plaintiff and similarly situated class members were also required to complete mandatory "side jobs" consisting of nonstandard repairs and maintenance on Defendants' properties. In an attempt to circumvent federal and state overtime laws, Defendants required that side jobs be performed outside of Plaintiff's and the Class' regularly scheduled hours. Furthermore, Defendants frequently failed to compensate Plaintiff and the Class for the side jobs they performed, and then the Defendants offered compensation, it was far below market value.

45.     As part of their regular business practices, Defendants intentionally, willfully and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and NYLL. This pattern or practice includes, but is not limited to:

     a.  Willfully failing to pay Plaintiff and Class Members the required one-and-one-half times their regular rate of pay for hours worked in excess of forty per work week;

     b.  Willfully failing to pay Plaintiff and Class Members the required minimum wage;

     c.  Failing to record hours or to establish, maintain and preserve for not less than six years contemporaneous, true, and accurate payroll records;

     d.  Failing to provide Plaintiff and Class Members with yearly employment notices, as required by NYLL § 195(1)(a); and

     e.  Failing to provide Plaintiff and Class Members with wage statements upon each payment of wages, as required by NYLL § 195(3).

46.     At all relevant times, Defendants failed to post and/or keep posted a notice explaining employees' rights under the FLSA, in violation of 29 C.F.R. § 516.4.

47.     Upon information and belief, Defendants' unlawful conduct as described herein is pursuant to a policy or practice of attempting to minimize labor costs by violating the FLSA and NYLL.

48.     Defendants' unlawful conduct has been widespread, repeated, consistent, and willful.

## INDIVIDUAL FACTUAL ALLEGATIONS

### Plaintiff Orlando Martinez

49.     Plaintiff Martinez worked for Defendants from 2016 until December 2018.

50.     Defendants employed Plaintiff as the residential Superintendent of two, adjacent 20-unit buildings located at 1045 and 1053 Boynton Avenue, Bronx, New York, respectively. His duties included, but were not limited to, plumbing, repairing, taking out garbage, recycling, flooring, and dealing with emergencies and tenant calls.

51.     Plaintiff was often required to do work that was outside the scope of his duties as a Superintendent; he was often required to do mandatory "side jobs" as set forth in detail below.

52.     Although Plaintiff's "official" hours were Monday – Friday, 8:00 a.m. to 5:00 p.m. – in reality, during the time of his employment with the Defendants, Plaintiff was regularly required to work in excess of 40 hours per week, and usually worked seven days a week.  During the week, Monday through Friday, he usually worked a minimum of 10 hours a day, but as many as 12, and he worked almost every Saturday and Sunday for 8 hours each day.  On average, Plaintiff worked 75 hours per week.

53.     In addition to his hours actively working, Plaintiff was required to be on-call to deal with any situation or need that arose at either building, 24 hours a day, 7 days a week.  Tenants

would call Plaintiff if they needed assistance. For example, if a leak was reported, the Plaintiff would have to respond.

54.     Plaintiff's hourly payrate was $10.00 per hour during the relevant time period, which violates New York's minimum wage rate.

55.     Further, Defendants did not pay Plaintiff regularly.  Defendants often delayed payment to Plaintiff for weeks at time (the most egregious being withholding his check for 13 weeks). Plaintiff would often text his supervisor Richard Liriano ("Mr. Liriano") and asked for his pay. On one occasion in April of 2018, Plaintiff fell behind on his bills and he had to text Mr. Liriano to plead for his lawfully earned wages that were four (4) weeks behind.

56.     Moreover, it was unclear which entity was paying Plaintiff. Between 2016 and 2018, Defendants paid the Plaintiff from various different companies; all three are named corporate Defendants.  The paystubs given to Plaintiff, were not given timely, because he was not paid regularly, and rarely reflected the hours he actually worked.  Often his stubs showed only 40 hours, showed less than 40 hours, or if they did show any overtime, there were minimal reported hours in comparison to what Plaintiff really worked.

57.     On several occasions, when Plaintiff worked in excess of 40 hours in a given week, Defendants would alter his paid time so that it would reflect less.  For example, on June 15, 2018 and again on July 6, 2018, Plaintiff's reported time on his stub was 33.17 and 33.15 hours respectively, despite the fact that in each of those weeks, he worked in excess of 40 hours. This occurred frequently.

58.     On one occasion, Plaintiff was paid only $8.00 for the entire week and when he complained to Mr. Liriano, he was told it was because of a $1,000.00 former overpayment which

was not true. In response to Plaintiff's complaints about his wages, Mr. Liriano would often blame it on payroll "malfunctions."

59.     Plaintiff was required to punch in and out for his regular Monday through Friday work hours. However, the punch in/punch out times were not always accurate since at times, even though Plaintiff was still in the middle of a job, his co-workers would punch out for him upon requests from the supervisor. Then, Plaintiff would continue working although he had "officially" punched out.

60.     Plaintiff was not permitted by the Defendants to punch his time for his Saturday and Sunday work, despite the fact that he regularly worked Saturday and Sunday.

61.     Additionally, in a ploy to obfuscate Martinez's hours, and to circumvent the overtime provisions of the FLSA and NYLL, Defendants regularly directed Martinez to complete "side jobs" as a mandatory part of his employment. Side jobs included plumbing, tiling, plastering, masonry, renovations, painting, and repairs, among other assignments.

62.     Often, Defendants required Martinez to perform these side jobs outside of his regularly scheduled work hours, whereby he should have been paid for those hours at the mandatory statutory rate for overtime hours.

63.     In willful disregard of the FLSA, the NYLL, and the NYCRR, Defendants failed to pay Plaintiff minimum wage and overtime premiums at one-and-one-half times the regular rate of pay. Additionally, in violation of the NYWTPA, Defendants failed to maintain true and accurate payroll records, among other violations.

64.     Plaintiff has been designated as a class representative for the FLSA Collective Action and the New York Class.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS
### (Unpaid Overtime under the FLSA)

65.     Plaintiff, FLSA Plaintiffs, and the New York Class repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

66.     Defendants violated the rights of Plaintiff, FLSA Collective Action members, New York Class Action members (collectively, "Class Members") by failing to pay overtime compensation at a rate not less than one-and-one-half times the regular rate of pay for each hour worked in excess of 40 per week, in violation of the FLSA, 29 U.S.C. § 207(a)(l).

67.     Defendants' failure to pay Plaintiff and Class Members overtime compensation was willful within the meaning of the FLSA, 29 U.S.C. § 255.

68.     Defendants are liable to the Plaintiff and Class Members for their unpaid overtime compensation, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS
### (Unpaid Overtime under the NYLL and the NYCRR)

69.     Plaintiff, FLSA Plaintiffs, and the New York Class repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

70.     NYLL § 160 and 12 NYCRR 142-2.2 require employers to compensate their employees at a rate not less than one-and-one-half times their regular rates of pay for any hours worked in excess of forty per week.

71.     Plaintiff and Class Members were required to work in excess of forty (40) hours per week without being compensated for those hours at the statutorily required rate of one-and-one-half times their regular rate of pay.

72.     These practices are in violation of the NYLL and NYCRR.

73.     By reason of the foregoing, Defendants are liable to Plaintiff and Class Members for their unpaid overtime compensation, plus liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS
### (Unpaid Minimum Wages under the NYLL and NYCRR)

74.     Plaintiff, FLSA Plaintiffs, and the New York Class repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

75.     Defendants violated the rights of Plaintiff and other Class Members by failing to pay them the minimum wage for each hour worked, in violation of the NYLL and the NYCRR.

76.     Plaintiff's hourly rate of $10.00 during the time period of 2016-2018 falls below New York's minimum wage threshold.

77.     Defendants' failure to pay Plaintiff and other Class Members the minimum wage was willful within the meaning of the NYLL.

78.     By reason of the foregoing, Plaintiff and other Class Members are entitled to the minimum rate of pay that they were legally due under the NYLL's minimum wage provisions. Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for the Defendants' violation of the NYLL's minimum wage provisions.

79.     By reason of the foregoing, the Defendants are liable in an amount to be determined at trial, plus liquidated damages, costs and attorneys' fees.

**FOURTH CAUSE OF ACTION AGAINST DEFENDANTS**
**(Failure to Provide Annual Notices in Violation of the NYLL § 195(1))**

80.     Plaintiff, FLSA Plaintiff, and the New York Class repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

81.     Pursuant to NYLL § 195(1)(a), every employer is required to provide each employee with an annual notice, setting forth, among other things, "the rate or rates of pay and basis thereof."

82.     Defendants knowingly failed to comply with this provision by failing to provide Plaintiff and Class Members with any kind of annual notice whatsoever, let alone an annual notice meeting the requirements of NYLL § 195(1)(a).

83.     NYLL § 198(1)(b) provides that any employee not provided such notice may collect damages of $50 for each work day that the violation occurred or continued to occur, up to a total of $5,000 per employee (together with costs and reasonable attorneys' fees as well as appropriate injunctive and/or declaratory relief).

84.     During the course of Plaintiff and Class Members' employment, Defendants consistently and willfully failed to provide them with adequate annual notices as required by New York law.

85.     Any proposed notices would have been in violation of New York law, since Defendants did not accurately record Plaintiff's work hours, and did not pay him lawful overtime wages.

86.     Based on the foregoing, Defendants are therefore liable to Plaintiff and Class Members in the amount of $5,000 per employee, plus reasonable attorney's fees and costs, and any other relief appropriate pursuant to NYLL § 198.

## FIFTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Failure to Provide Wage Statements in Violation of the NYLL § 195(3))

87. Plaintiff, FLSA Plaintiffs, and the New York Class repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

88. Pursuant to NYLL § 195(3), every employer is required to:

> furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

89. Defendants knowingly failed to comply with this provision by failing to provide Plaintiff and Class Members with wage statements meeting the requirements the requirements set forth above.

90. NYLL § 198(1)(d) provides that any employee not provided appropriate wage statements may collect damages of $250.00 for each work day that the violation occurred or continued to occur, up to a total of $5,000.00 per employee, together with costs and reasonable attorneys' fees as well as appropriate injunctive and/or declaratory relief.

91. During the course of Plaintiff's and Class Members' employment, Defendants consistently and willfully failed to provide them with adequate wage statements as required by New York law.

92. The paystubs provided to Plaintiff and Class Members were woefully inadequate, and do not, and cannot satisfy the requirements of NYLL § 195(3), since Defendants did not accurately record Plaintiff's work hours, and did not pay him lawful overtime wages.

93.     Defendants are therefore liable to Plaintiff and Class Members in the amount of $5,000.00 per employee, plus reasonable attorney's fees and costs, and any other relief appropriate pursuant to NYLL § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, pray for the following relief:

a.      Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

b.      Certifying the New York Class in accordance with Fed. R. Civ. P. 23(b)(3) or (c)(4) with respect to the claims set forth above;

c.      Designating Orlando Martinez as Class Representative;

d.      Designating Joseph & Norinsberg, LLC as Class Counsel;

e.      Issuing a judgment declaring that Defendants willfully violated the Fair Labor Standards Act and its attendant regulations as set forth above;

f.      Issuing a judgment declaring that Defendants willfully violated the NYLL;

g.      Granting judgment in favor of Plaintiff, FLSA Plaintiffs, and the New York Class, and against Defendants;

h.      Awarding all available compensatory damages to Plaintiff, FLSA Plaintiffs, and the New York Class, including, *inter alia*, all unpaid wages, lost interest owed, and liquidated damages under the FLSA, NYLL, and NYWPTA;

i.      Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action;

j.      Awarding pre-judgment and post-judgment interest to Plaintiff on these damages; and

k.      All such further relief as this court deems just and proper.

Dated:   New York, New York
         June 7, 2019

Respectfully submitted,

**JOSEPH & NORINSBERG, LLC**

By: _____
Chaya M. Gourarie, Esq.
225 Broadway, Suite 2700
New York, New York 10007
Tel: (212) 227-5700
Fax: (212) 406-6890
*Attorneys for Plaintiff and Putative Class*

TO:    GOLDBERG & WEINBERGER, LLP
       Stuart Alan Weinberger
       630 Third Avenue, 18th Floor
       New York, NY 10017
       (212) 867-9595
       Stuart575@aol.com
       *Attorneys for Defendants*