UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
ORLANDO MARTINEZ, on behalf of himself and all others similarly situated

                                 Plaintiff,                       19-CV-3302 (VSB)

                                                    **ANSWER**
       -against-                                   **TO AMENDED**
                                                      **COMPLAINT**

BUDO MAINTENANCE CORP., and NEW HOPE FUND, LLC,

                                 Defendants.
-----------------------------------------------------------------------------X

      Defendants BUDO MAINTENANCE CORP., and NEW HOPE FUND, LLC, by and through undersigned counsel, answer the Amended Complaint as follows:

## **NATURE OF THE CASE**

1. Defendants admit that Plaintiff makes certain allegations in paragraph 1 of the Amended Complaint concerning the statutes allegedly violated, but deny that any statues have been violated, or that Plaintiff is entitled to any relief whatsoever.

2. Defendants deny the allegations contained in paragraph 2 of the Amended Complaint.

3. Defendants deny the allegations contained in paragraph 3 of the Amended Complaint.

4. Defendants deny the allegations contained in paragraph 4 of the Amended Complaint.

5. Defendants admit that Plaintiff makes certain allegations in paragraph 5 of the Amended Complaint concerning the statutes allegedly violated, but deny that any statues have been violated, or that Plaintiff is entitled to any relief whatsoever. Defendants also admit that Plaintiff makes certain allegations in paragraph 5 regarding his intention to bring certain claims as a collective action, but deny that said claims should be certified as a collective action.

6. Defendants admit that Plaintiff makes certain allegations in paragraph 6 of the Amended Complaint concerning the statutes allegedly violated, but deny that any statues have been violated, or that Plaintiff is entitled to any relief whatsoever. Defendants also admit that Plaintiff makes certain allegations in paragraph 6 regarding his intention to bring certain claims as a class action, but deny that said claims should be certified as a class action.

## JURISDICTION AND VENUE

7. Defendants deny the allegations contained in paragraph 7 of the Amended Complaint, except admit that the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

8. Paragraph 8 of the Amended Complaint purports to set forth a legal conclusion, to which no response is required. To the extent paragraph 8 contains an allegation of fact to which a response is required, Defendants deny those allegations.

9. Defendants deny the allegations contained in paragraph 9 of the Amended Complaint, except admit that venue is proper.

10. Defendants deny the allegations in Paragraph 10 of the Amended Complaint.

## DEMAND FOR A JURY TRIAL

11. Paragraph 11 of the Amended Complaint, which requests a jury trial, does not contain any allegations of fact requiring a response from Defendants.

## PARTIES

12. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Amended Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Amended Complaint.

14. Paragraph 14 of the Amended Complaint purports to set forth a legal conclusion, to which no response is required. To the extent paragraph 14 contains an allegation of fact to which a response is required, Defendants deny those allegations.

*Budo Maintenance Corp.*

15. Defendants admit the allegations contained in paragraph 15 of the Amended Complaint.

16. Paragraph 16 of the Amended Complaint purports to set forth a legal conclusion, to which no response is required. To the extent paragraph 16 contains an allegation of fact to which a response is required, Defendants deny those allegations.

17. Defendants deny the allegations contained in paragraph 17 of the Amended Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Amended Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Amended Complaint.

*The New Hope Fund, LLC*

20. Defendants deny the allegations contained in paragraph 20 of the Amended Complaint except admit Defendant New Hope Fund, LLC is a domestic business corporation.

21. Paragraph 21 of the Amended Complaint purports to set forth a legal conclusion, to which no response is required. To the extent paragraph 21 contains an allegation of fact to which a response is required, Defendants deny those allegations.

22. Defendants deny the allegations contained in paragraph 22 of the Amended Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Amended Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Amended Complaint.

25. Paragraph 25 of the Amended Complaint does not contain any allegations of fact requiring a response from Defendants.

26. Paragraph 26 of the Amended Complaint purports to set forth a legal conclusion, to which no response is required. To the extent paragraph 26 contains an allegation of fact to which a response is required, Defendants deny those allegations.

## COLLECTIVE ACTION ALLEGATIONS

27. Defendants admit that Plaintiff makes certain allegations in paragraph 27 regarding his intention to bring certain claims as a collective action under the FLSA, but deny that said claims should be certified as a collective action.

28. Defendants deny the allegations contained in paragraph 28 of the Amended Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Amended Complaint

30. Defendants deny the allegations contained in paragraph 30 of the Amended Complaint

## NEW YORK CLASS ACTION ALLEGATIONS

31. Defendants admit that Plaintiff makes certain allegations in paragraph 31 regarding his intention to bring certain claims as a class action, but deny that said claims should be certified as a class action.

32. Defendants deny the allegations contained in paragraph 32 of the Amended Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Amended Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Amended Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Amended Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Amended Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the Amended Complaint.

38. Defendants deny the allegations contained in paragraph 38 of the Amended Complaint.

## **CLASSWIDE FACTUAL ALLEGATIONS**

### **Failure to Pay Lawful Overtime Compensation and Minimum Wage**

39. Paragraph 39 of the Amended Complaint does not contain any allegations of fact requiring a response from Defendants.

40. Defendants deny the allegations contained in paragraph 40 of the Amended Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Amended Complaint.

42. Defendants deny the allegations contained in paragraph 42 of the Amended Complaint.

43. Defendants deny the allegations contained in paragraph 43 of the Amended Complaint.

44. Defendants deny the allegations contained in paragraph 44 of the Amended Complaint.

45. Defendants deny the allegations contained in paragraph 45 of the Amended Complaint.

46. Defendants deny the allegations contained in paragraph 46 of the Amended Complaint.

47. Defendants deny the allegations contained in paragraph 47 of the Amended Complaint.

48. Defendants deny the allegations contained in paragraph 48 of the Amended Complaint.

## **INDIVIDUAL FACTUAL ALLEGATIONS**

### **Plaintiff Orlando Martinez**

49. Defendants deny the allegations contained in paragraph 49 of the Amended Complaint.

50. Defendants deny the allegations contained in paragraph 50 of the Amended Complaint.

51. Defendants deny the allegations contained in paragraph 51 of the Amended Complaint.

52. Defendants deny the allegations contained in paragraph 52 of the Amended Complaint.

53. Defendants deny the allegations contained in paragraph 53 of the Amended Complaint.

54. Defendants deny the allegations contained in paragraph 54 of the Amended Complaint.

55. Defendants deny the allegations contained in paragraph 55 of the Amended Complaint.

56. Defendants deny the allegations contained in paragraph 56 of the Amended Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Amended Complaint.

58. Defendants deny the allegations contained in paragraph 58 of the Amended Complaint.

59. Defendants deny the allegations contained in paragraph 59 of the Amended Complaint.

60. Defendants deny the allegations contained in paragraph 60 of the Amended Complaint.

61. Defendants deny the allegations contained in paragraph 61 of the Amended Complaint.

62. Defendants deny the allegations contained in paragraph 62 of the Amended Complaint.

63. Defendants deny the allegations contained in paragraph 63 of the Amended Complaint.

64. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Amended Complaint.

**FIRST CAUSE OF ACTION AGAINST DEFENDANTS**
**(Unpaid Overtime under the FLSA))**

65. As to the allegations contained in paragraph 65 of the Amended Complaint, Defendants repeat and re-allege each and every response to the allegations in paragraphs 1-64 of the Amended Complaint heretofore provided as if set forth at length herein.

66. Defendants deny the allegations contained in paragraph 66 of the Amended Complaint.

67. Defendants deny the allegations contained in paragraph 67 of the Amended Complaint.

68. Defendants deny the allegations contained in paragraph 68 of the Amended Complaint.

**SECOND CAUSE OF ACTION AGAINST DEFENDANTS**
**(Unpaid Overtime under the NYLL and the NYCRR)**

69. As to the allegations contained in paragraph 69 of the Amended Complaint, Defendants repeat and re-allege each and every response to the allegations in paragraphs 1-68 of the Amended Complaint heretofore provided as if set forth at length herein.

70. Paragraph 70 of the Amended Complaint purports to set forth a legal conclusion, to which no response is required. To the extent paragraph 70 contains an allegation of fact to which a response is required, Defendants deny those allegations.

71. Defendants deny the allegations contained in paragraph 71 of the Amended Complaint.

72. Defendants deny the allegations contained in paragraph 72 of the Amended Complaint.

73. Defendants deny the allegations contained in paragraph 73 of the Amended Complaint.

**THIRD CAUSE OF ACTION AGAINST DEFENDANTS**
**(Unpaid Minimum Wages under the NYLL and NYCRR)**

74. As to the allegations contained in paragraph 74 of the Amended Complaint, Defendants repeat and re-allege each and every response to the allegations in paragraphs 1-73 of the Amended Complaint heretofore provided as if set forth at length herein.

75. Defendants deny the allegations contained in paragraph 75 of the Amended Complaint.

76. Defendants deny the allegations contained in paragraph 76 of the Amended Complaint.

77. Defendants deny the allegations contained in paragraph 77 of the Amended Complaint.

78. Defendants deny the allegations contained in paragraph 78 of the Amended Complaint.

79. Defendants deny the allegations contained in paragraph 79 of the Amended Complaint.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Failure to Provide Annual Notices in Violation of the NYLL § 195(1)

80. As to the allegations contained in paragraph 80 of the Amended Complaint, Defendants repeat and re-allege each and every response to the allegations in paragraphs 1-79 of the Amended Complaint heretofore provided as if set forth at length herein.

81. Paragraph 81 of the Amended Complaint purports to set forth a legal conclusion, to which no response is required. Defendants refer the court to the statute.

82. Defendants deny the allegations contained in paragraph 82 of the Amended Complaint.

83. Paragraph 83 of the Amended Complaint purports to set forth a legal conclusion, to which no response is required. Defendants refer the court to the statute.

84. Defendants deny the allegations contained in paragraph 84 of the Amended Complaint.

85. Defendants deny the allegations contained in paragraph 85 of the Amended Complaint.

86. Defendants deny the allegations contained in paragraph 86 of the Amended Complaint.

## FIFTH CAUSE OF ACTION AGAINST DEFENDANTS

**(Failure to Provide Wage Statements in Violation of the NYLL § 195(3))**

87. As to the allegations contained in paragraph 87 of the Amended Complaint, Defendants repeat and re-allege each and every response to the allegations in paragraphs 1-86 of the Amended Complaint heretofore provided as if set forth at length herein.

88. Paragraph 88 of the Amended Complaint purports to set forth a legal conclusion, to which no response is required. Defendants refer the court to the statute.

89. Defendants deny the allegations contained in paragraph 89 of the Amended Complaint

90. Defendants deny the allegations contained in paragraph 90 of the Amended Complaint.

91. Defendants deny the allegations contained in paragraph 91 of the Amended Complaint.

92. Defendants deny the allegations contained in paragraph 92 of the Amended Complaint.

93. Defendants deny the allegations contained in paragraph 93 of the Amended Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled any of the relief set forth in the WHEREFORE clause of the Amended Complaint, including subparagraphs (a) to (k).

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff seeks causes of action and/or relief which are not provided for and/or which they are not entitled to under applicable laws.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has been paid all amounts that are required and Defendants have complied with all that is required under applicable law.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of collateral estoppel, laches, unclean hands, and waiver.

## FIFTH AFFIRMATIVE DEFENSE

The Court lacks Subject Matter Jurisdiction over Plaintiffs' claims.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants were not Plaintiff's "employer," under applicable laws.

## EIGHTH FFIRMATIVE DEFENSE

Defendants, at all times, acted reasonably, in good faith, and without any willful or intentional misconduct, to comply with the FLSA and New York Labor Law, and had reasonable grounds to believe that their actions did not violate the FLSA and New York Labor Law, and Defendants assert a lack of willfulness or intent to violate the FLSA and New York Labor law as a defense to any claim by Plaintiff for liquidated damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because some of the activities for which he demands compensation are *de minimis* under applicable law.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted by federal and/or state law.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff was an exempt employee, as defined by the FLSA, New York Labor Law, and/or other applicable labor laws.

### TWELFTH AFFIRMATIVE DEFENSE

Even if Defendants failed to pay Plaintiff appropriately for the activities alleged in the Amended Complaint, to the extent that such activities do not constitute compensable work under the FLSA, New York Labor Law, and/or other applicable laws, he is entitled to no relief.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities which were preliminary to, or incidental to, his respective principal activities.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants deny that this action can be properly maintained as a FLSA collective action or that Plaintiff has met or can carry his burden of establishing the requirements to obtain collective action certification, including conditional certification under 29 U.S.C. § 216(b).

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to maintain these causes of action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may not be brought as a class action, as (a) the potential class is not numerous; (b) the questions of law or fact are not common to the potential class; (c) the claims or defenses of the parties are not typical of the claims or defenses of the potential class; (d) the interests of the potential class will not be fairly and adequately; and (e) Plaintiff is not an adequate representatives of the putative class.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to overtime wages under New York Labor law because he was employed as the "janitor" of the buildings.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to follow the prerequisites for maintaining and participating in a FLSA collective action.

**WHEREFORE,** Defendants respectfully request that the Amended Complaint be dismissed in its entirety, with prejudice, and that Defendants be awarded such other relief that the Court deems just and proper.

Dated: New York, NY  /s/ Stuart Weinberger
      June 20, 2019  Stuart Weinberger, Esq.

                                        Goldberg and Weinberger, LLP
                                        630 Third Avenue, 18th Floor
                                        New York, NY 10017
                                        P: (212) 867-9595
                                        F: (212) 949-1857

*Attorneys for Defendants*