# EXHIBIT A

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made between and among Orlando Martinez ("Plaintiff") one the one hand, and Budo Maintenance Corp. ("Budo"), on the other.

**WHEREAS**, on April 12, 2019, Plaintiff commenced an action in United States District Court, Southern District of New York, via the filing of a Summons and Complaint entitled *Orlando Martinez, on behalf of himself and all others similarly situated v. Budo Maintenance Corp., New Hope Fund, LLC, and Sherman Management a/k/a Sherman Property Management, (Docket No.: 19-CV-3302)* (the "Action"), in which Plaintiff asserted various claims to recover alleged unpaid wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), and for other alleged violations of the NYLL;

**WHEREAS**, on June 7, 2019, Plaintiff filed an Amended Complaint in this Action, wherein the caption was amended to *Orlando Martinez, on behalf of himself and all others similarly situated v. Budo Maintenance Corp., and New Hope Fund, LLC, (19-CV-3302);*

**WHEREAS**, on June 21, 2019, Defendant Budo filed an Answer to the Complaint, wherein it expressly denied that Plaintiff was entitled to any relief, and asserted Affirmative Defenses;

**WHEREAS**, on August 26, 2019, Plaintiff and Defendant Budo participated in a court ordered mediation before mediator Bernadette Jentsch, and reached an agreement-in-principle to settle the Action;

**WHEREAS**, to avoid the uncertainties and expense of future proceedings in this matter, the parties have agreed to resolve this case, and wish to further memorialize their agreement as set forth below:

1.  **Consideration to be provided to Plaintiff.**

In consideration for the promises made by Plaintiff set forth in this Agreement, Defendant agrees to pay Plaintiff the total sum of Sixteen Thousand Five Hundred Dollars ($16,500.00) ("the Payment"). The Payment shall be made within fourteen (14) calendar days of the court's approval of this Agreement. The payments will be in the form of three checks, delivered to Plaintiff's counsel's office, Joseph & Norinsberg, LLC, 225 Broadway, Suite 2700, New York, NY 10007, and distributed as follows: (1) one check made payable to "Orlando Martinez" in the amount of $5,275.00 less applicable taxes and withholdings, to be reported on an IRS Form W-2; (2) one check made payable to "Orlando Martinez" in the amount of $5,275.00, to be reported on an IRS Form 1099; and (3) one check made payable to "Joseph & Norinsberg, LLC" in the amount of $5,950.00, representing litigation costs and attorney's fees.

The parties agree that should any federal, state or local taxes be determined to be owed by any party on the payment of the sums received by Plaintiff or his counsel under this paragraph, each party shall be solely and completely responsible for the taxes, interest or penalties owed.

Plaintiff shall submit this Agreement for Court approval. The parties shall cooperate in seeking Court approval of this Agreement

2.  **Adequate consideration.**

Plaintiff expressly agrees and acknowledges that the consideration referred to in Paragraph 1 of the Agreement constitutes adequate and ample consideration for the rights and claims he is waiving under the Agreement and for the obligations imposed upon him by virtue of the Agreement. This valuable consideration represents a complete settlement, satisfaction, release, discharge, and waiver of all claims that he has asserted in this Action, including, but not limited

to, all claims for allegedly unpaid wages, lost wages, benefits or other compensation, mental, physical or other personal injuries, pain and suffering, liquidated damages, emotional damages, punitive damages, attorneys' fees, costs, and any other relief which Plaintiff was seeking in this Action against Defendant. Plaintiff expressly agrees and acknowledges that Defendant has promised to pay the consideration referred to in Paragraph 1 of the Agreement in exchange for the releases, waivers, and promises made by Plaintiff in this Agreement.

3. **Release.**

In consideration for the payments to be provided pursuant to Paragraph 1 above, Plaintiff, for himself and for his heirs, executors, administrators, trustees, legal representatives, successors and assigns (hereinafter referred to collectively as "Releasors"), except as provided in Paragraph 4, forever release and discharge Defendant, as well as Defendant's present and/or former parent corporations, subsidiaries, divisions, affiliated entities, including but not limited to Paradise Management LLC, Soundview Estates LLC, 1040 Boynton Avenue LLC, 1043 Boynton Avenue LLC, 1045 Boynton Avenue LLC, Staffpro, Inc., StaffPM LLC, Staff PM LLC, as well as the foregoing entities' shareholders, successors, executors, officers, partners, members, directors, agents, fiduciaries, representatives, and assigns ("Releasees"), from all claims that were asserted in this action, including all claims relating to alleged unpaid wages and compensation, as well as any and all claims which could have been asserted under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

4. **Claims Not Released**

Notwithstanding the foregoing, Plaintiff is not waiving or releasing: (i) any claims arising after this Agreement is executed; (ii) any claims which may arise in order to enforce this Agreement; and/or (iii) any claims or rights which cannot be waived by law.

5. **Filing of Stipulation of Dismissal**

Upon the execution of this Settlement Agreement, counsel for both parties agree to execute a Stipulation of Dismissal with Prejudice, annexed hereto as Exhibit A.

6. **No Admission of Liability**

Defendant expressly denies that the claims asserted by Plaintiff in this case have any merit whatsoever, and Defendant expressly denies that it engaged in any wrongdoing of any kind with respect to Plaintiff. The parties hereby agree and acknowledge that nothing contained in the Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or wrongdoing by Defendant.

7. **No Disputes Pending or Assigned.**

Plaintiff represents that, aside from this Action, he does not currently have pending before any court or before any federal, state, or local governmental agency any dispute of any kind against Defendant. Plaintiff further represents that he has not heretofore assigned or transferred, or purported to have assigned or transferred, to any entity or person any claim or dispute released by him herein.

4

**8.**    <u>Non-Disparagement.</u>

As a material inducement for Defendants to enter into this Agreement, and in consideration for the Settlement Payment, as well as the other good and valuable consideration provided herein, Plaintiff agrees that he will not at any time, intentionally make, publish, or communicate any non-truthful remarks, comments, or statements which are defamatory towards Defendants. However, nothing in this section precludes or prevents Plaintiff from making truthful statements about his experience litigating the Action. Likewise, Defendants agree that they will not intentionally make non-truthful defamatory statements about Plaintiff.

**9.**    <u>Neutral Reference</u>

In response to any employment reference inquiries regarding Plaintiff, Defendants agree that they will provide a "neutral reference," providing only Plaintiff's dates of employment, positions held, and final salary.

**10.**    <u>Governing Law and Interpretation</u>

The Agreement shall be governed by and construed in accordance with the laws of the State of New York. Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless as to which party may have drafted the language in question.

## 11.    Severability

Should any part of the Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of the Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of the Agreement.

## 12.    Disputes; Damages

In any dispute concerning an alleged breach of the Agreement, the prevailing party shall be entitled to all remedies available at law.

## 13.    Advice of Counsel

Plaintiff and Defendant acknowledge that they have had an opportunity to receive advice about the terms and legal effects of the Agreement from counsel of their choosing.  Plaintiff and Defendant hereby represent that they have consulted their attorney(s) about the Agreement before signing it. The parties further acknowledge that they have read this Settlement Agreement in its entirety, that they have had an opportunity to discuss it with counsel, that they understand its terms, that they are fully competent to enter into it, that they have had a reasonable time within which to consider this Agreement and its terms before signing it.

## 14.    Voluntary Agreement

The parties agree that they are signing this Agreement of their own free will, without coercion or duress, and voluntarily assent to all the terms and conditions contained herein.

15. **Entire Agreement**

The parties agree that this Agreement represents the complete understanding between the parties and no other promises or agreements shall be binding unless in writing and signed by the parties. This is an all-inclusive Agreement and the parties agree that there are no other written, oral, and/or implied representations, promises, or agreements that exist between them.

16. **Modifications and Amendments**

The Agreement cannot be modified, amended, terminated, or otherwise changed unless it is done so pursuant to a written document signed by both Plaintiff and Defendant.

17. **Counterparts**

This Agreement may be executed in counterparts, and delivered by facsimile or email, each of which shall be deemed an original and each of which shall together constitute one and the same agreement.

18. **Section Headings**

Section headings are used herein for reference only, and do not affect the meaning of any provision of this Agreement.

19. **Acknowledgment of Full Understanding.**

Plaintiff acknowledges and agrees that he has fully read, understands, and voluntarily enters into this Agreement. Plaintiff acknowledges and agrees that he has had an opportunity to ask questions and consult with an attorney before signing this Agreement. Plaintiff further

acknowledges that his signature below is an agreement to release Defendant from any and all claims that can be released as a matter of law.

&ast; &ast; &ast; &ast;

**WHEREFORE,** the parties hereto have voluntarily caused this Agreement to be signed as of the day and dates indicated below.

ORLANDO MARTINEZ

Name: _Orlando Martinez_

Signature: _ORLANDO MARTINEZ_

Date: _10 | 15 | 19_

BUDO MAINTENANCE CORP.

Name: _____

Title: _____

Signature: _____

Date: _____

acknowledges that his signature below is an agreement to release Defendant from any and all claims that can be released as a matter of law.

*      *      *      *

**WHEREFORE**, the parties hereto have voluntarily caused this Agreement to be signed as of the day and dates indicated below.

ORLANDO MARTINEZ

Name: _____

Signature: _____

Date: _____

BUDO MAINTENANCE CORP.

Name: _RicHArd LiRiaNo_

Title: _CEO_

Signature: _[signature]_

Date: _10/11/19_

8